**Order filed January 15, 2013**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-12-00824-CV
_____

### MARTHA RANGEL GONZALEZ, Appellant

### V.

### VIRGILIO RAMON-SAVALZA, Appellee

---

**On Appeal from the 246th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2011-23305**

---

## ORDER

According to information provided to this court, this appeal is from a judgment signed August 3, 2012. Appellant filed a notice of appeal on August 30, 2012. No affidavit of indigence was filed in the trial court. On December 10, 2012, appellant filed an affidavit of indigence in this court. *See* Tex. R. App. P. 20.1(h). On December 31, 2012, appellee filed a response contesting appellant's affidavit of indigence.

The Rules of Appellate Procedure permit appellant to file an affidavit of indigence in the appellate court. If the affidavit is filed in an appellate court, and a contest is filed, the court may:

(1) conduct a hearing and decide the contest;

(2) decide the contest based on the affidavit and any other timely filed documents;

(3) request the written submission of additional evidence and, without conducting a hearing, decide the contest based on the evidence; or

(4) refer the matter to the trial court with instructions to hear evidence and grant the appropriate relief.

Tex. R. App. P. 20.1(h).

Accordingly, we refer the matter to the trial court and **ORDER** the trial court to make written findings as to whether appellant is entitled to proceed without payment of costs.

The court reporter shall file a partial reporter's record from the hearing, if any, and any exhibits admitted at the hearing, on the contest to appellant's claim of indigence. The record of the hearing and the trial court's written findings shall be filed with the clerk of this court on or before **February 19, 2013.**

The appeal is abated, treated as a closed case, and removed from this court's active docket. The appeal will be reinstated on this court's active docket when the the trial court's ruling on indigence has been completed. The court will also consider an appropriate motion to reinstate the appeal filed by any party. It is the responsibility of any party seeking reinstatement to request a hearing date from the trial court and to schedule a hearing in compliance with this court's order. If the parties do not request a hearing, the court coordinator of the trial court shall set a hearing date and notify the parties of such date.

PER CURIAM